**NOT FOR PUBLICATION**



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-63261-A-7

NATASJA VAN DE GRAAF

       Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING ORDER TO SHOW CAUSE DIRECTED TO PRICE LAW GROUP, A PROFESSIONAL CORPORATION, AND TO ALLAN S. WILLIAMS**

A hearing on the court's Order to Show Cause was held April 6, 2011. Debtor Natasja Van De Graaf appeared, as did Allan S. Williams, debtor's previous attorney; Peter Fear, debtor's new attorney; and Greg Powell on behalf of the United States Trustee. At the conclusion of the hearing, the matter was taken under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

Natasja Van De Graaf filed her chapter 7 case on November 16, 2010. In filing the case, she was represented by Allan S. Williams of Price Law Group. The Disclosure of Compensation of attorney for debtor states that the firm agreed to accept $1,500, of which $501 had been paid prior to the filing of the petition, and that $999 remained due. It also reflected that $299 of the filing fee had been paid.

The document also stated that "debtor is informed that balance owing to PLG is subject to (probable) discharge. Remaining payment will be made in debtors' sole discretion."

The Rule 2016(d) disclosure also states that "Price Law Group may use a specially hired appearance attorney at the 341(a) Meeting of Creditors. Price Law Group typically pays $50-$150 for such appearances."

On December 27, 2010, the United States Trustee filed a Statement of Presumed Abuse, and on January 26, 2011, the United States Trustee filed a § 707(b)(1) Motion to Dismiss Case. A hearing on that motion was set for March 2, 2011, at 9:00 a.m. No opposition to the motion was ever filed. On March 1, 2011, a document entitled "Substitution of Attorney" was filed. That document states: "ALLAN S. WILLIAMS hereby substitutes NATASJA VAN DE GRAAF, IN PRO PER, in the above captioned bankruptcy case in place of ALLAN S. WILLIAMS."

Also on March 1, 2011, a Notice of Hearing on Substitution of Attorney in Pro Per was filed, setting a hearing on the request to authorize substitution for March 15, 2011.

At the hearing on the United States Trustee's motion to dismiss the case on March 2, 2011, the debtor appeared by herself. At that hearing, the debtor testified that she had agreed to pay Price Law Group $1,899 for her case. She paid $900 "up front" prior to the time the case was filed. She never met an attorney from Price Law Group. Everything was done via e-mail. Price Law Group required her to give them her bank account information before they would file the case for her. They then took money out of her bank account in December 2010 and in

January and February 2011. The money they took out of her bank account was to pay the balance of the filing fee. She testified that she did not understand that she was not legally obligated to pay Price Law Group anything after the bankruptcy case was filed. She testified that she went to the meeting of creditors and met with an attorney she did not know and had never met before. Price Law Group told her that they would file an opposition to the motion to dismiss, but they failed to do so.

Allan S. Williams and Price Law Group filed a response to the court's Order to Show Cause on April 1, 2011. In that response, Mr. Williams took responsibility for everything that had happened in the case and explained the circumstances of his representation of debtor. He explained that he was paid the sum of $900 prior to the filing of debtor's petition, which included the $299 filing fee; that the $364 he received post-petition had been returned to debtor; and that he did not respond to the United States Trustee's motion to dismiss because the debtor wanted to proceed in a different manner, which he was not free to disclose because of the attorney/client privilege. He stated that because he was unable to represent debtor in the manner she wished, he filed his motion to withdraw as counsel and noticed it for hearing. He included in his response a detailed listing of time entries concerning this case, which shows a substantial amount of work done in return for the payment he received in this case.

The Ninth Circuit has written several decisions about the ability of attorneys representing debtors in chapter 7 cases to collect their fees. The Circuit discussed these cases in <u>In re</u>

Sanchez, 241 F.3d 1148 (2001). In that case, the Court of Appeals held that a chapter 7 debtor's attorney does not violate the automatic stay by collecting reasonable fees for post-petition services. The court reviewed its prior decisions in this area. In In re Biggar, the Court of Appeals held that fees for services rendered before a bankruptcy petition was filed, even though not due to be paid until after the filing, were dischargeable in the bankruptcy as a prepetition debt. 110 F.3d 685 (9th Cir. 1997).

In In re Hines, the Court of Appeals held that the obligation to pay for post-petition legal services was not dischargeable. 147 F.3d 1185 (9th Cir. 1998). In Hines, the court stated that:

> Enforcement of debtors' fee obligations to their attorneys is necessary to ensure that legal services are provided to chapter 7 debtors who are in most need of those services.

In re Sanchez, at 1150.

In Sanchez, the court described the holding in Hines as essentially a doctrine of necessity.

> We observed that the absence of a legally enforceable right to payments for post-petition legal services would lead to a "massive breakdown" of the "entire system." We noted a possible alternative ground for reaching the same holding would be that a claim for post-petition legal services does not arise until the lawyer actually performs those services.

Sanchez, at 1151 (citations and internal quotations omitted).

In Sanchez, the court observed that a reasonable fee for post-petition services is not a dischargeable debt and may be collected in the course of the bankruptcy without violating the automatic stay. Id. at 1151. However, the court also ruled that collection of a fee that the debtor's attorney knows to be

unreasonable does violate the automatic stay.

In this case, the disclosure of compensation by Price Law Group does not distinguish between post-petition services and pre-petition services. Therefore, the court cannot determine whether any of the amount that the debtor agreed to pay after filing the case was for post-petition services. Under the circumstances, it must be presumed that the entire fee was for pre-petition services.

However, the debtor's case has come to a successful conclusion. Subsequent to the issuance of the Order to Show Cause, the United States Trustee withdrew the motion to dismiss the case. The debtor's discharge was entered on April 11, 2011. A refund of $364 paid post-petition has been returned to debtor.

Mr. Williams has convinced the court that any failure to act was not a result of negligence. Under the circumstances, the court finds no grounds for the imposition of sanctions against Allan S. Williams and/or Price Law Group.

DATED: 5/27/11

WHITNEY RIMEL, Judge
United States Bankruptcy Court

5